FILED
OCT 1 6 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLYDE LACY RATTLER,           )
                              )
            Plaintiff,        )
                              )
        v.                    )   Civil Action No. 14-1656 (RCL)
                              )
DEPARTMENT OF HEALTH AND      )
HUMAN SERVICES, *et al.*,     )
                              )
            Defendants.       )

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint. The Court concludes that the complaint is frivolous and that it must be dismissed. *See* 28 U.S.C. §§ 1915(e)(1)(B)(i), 1915A(b)(1).

According to plaintiff, he applied for supplemental security income ("SSI") benefits in 1983, Compl. ¶ 2, and since has "made numerious [sic] attempt[s] to secure . . . SSI benefits an[d] other Federal disability benefits . . . to no avail[,]" *id.* ¶ 4. Further, in denying his application for benefits, defendants allegedly have committed treason, *id.* ¶ 6, engaged in a conspiracy, *id.* ¶ 10, breached an express or implied contract, *id.* ¶ 15, committed fraud, *id.* ¶ 20, committed theft, *id.* ¶ 28, and have attempted to murder him, *id.* ¶ 37, among other wrongs. Plaintiff therefore has demanded "a court order . . . to comple [sic] the Department of Health and Human Services to award [him] Ten Hundred Zillion . . . dollars each month." *Id.* ¶ 5; *see id.* ¶

1

9. In addition, plaintiff asks that the Court "award [him] supernatural powers[,] the right . . . to do as [he] wishs [sic] and a court order For Plaintiff['s] immediate release from prison." *Id.* ¶ 9; *see id.* ¶¶ 13, 18, 23, 27, 36, 40.

The court is mindful that a complaint filed by a *pro se* litigant is held to a less stringent standard than that applied to a formal pleading drafted by a lawyer. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). Nevertheless, the court must dismiss a case "at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2)(B). A district judge has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *see Brandon v. District of Columbia Bd. of Parole,* 734 F.2d 56, 59 (D.C. Cir. 1984) (finding that complaint may be dismissed as frivolous for lack of "an arguable basis in law and fact"). The instant complaint falls squarely within this category: its factual allegations are clearly baseless, and it utterly lacks any arguable basis in law.

The instant complaint bears a marked resemblance to that filed in a prior case.[1] What begins with an allegation of the denial of an application for SSI benefits in 1983 "disintegrates

---

[1] The complaint also resembles other complaints filed in – and summarily dismissed by – this court. *See, e.g., Rattler v. Dep't of Health & Human Servs.,* No. 13-1300, 2013 WL 4607415 (D.D.C. Aug. 28, 2013) (denying petition for a "writ of mandamus to compel "the human race to go naked on the sidewalk for eternity unable to move no part of their body and award petitioner super natural power the right for him to do as he wishes"); *Rattler v. Dep't of Health & Human Servs.,* No. 13-0786, 2013 WL 2390842 (D.D.C. May 21, 2013) (denying mandamus and

2

into a variety of unsubstantiated claims" of treason, conspiracy, breach of contract, theft, fraud, and violation of equal protection rights, *Rattler v. Dep't of Health & Human Servs.*, No. 12-1427, 2012 WL 3757508, at *1 (D.D.C. Aug. 29, 2012), as plaintiff has alleged here, *see generally* Compl. ¶¶ 6-43. The instant complaint, too, "presents the type of fantastic or delusional scenarios warranting dismissal under § 1915(e)(2) as frivolous," *Rattler*, 2012 WL 3757508, at *1, and, accordingly, the Court will dismiss the complaint with prejudice.

An Order consistent with this Memorandum Opinion is issued separately.

_____
ROYCE C. LAMBERTH
United States District Judge

DATE: 10/14/14

---

dismissing case under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted); *Rattler v. Dep't of Health & Human Servs.*, No. 13-0327, 2013 WL 1089810 (D.D.C. Mar. 15, 2013) (denying mandamus and dismissing case as frivolous); *Rattler v. Dep't of Health & Human Servs.*, No. 13-0094, 2013 WL 257365 (D.D.C. Jan. 23, 2013) (denying petition for a "writ of mandamus directing 'the human race to [sic] naked on the sidewalk unable to move their body for eternity'"); *Rattler v. Dep't of Health & Human Servs.*, No. 12-1427, 2012 WL 3757508, at *1 (D.D.C. Aug. 29, 2012) (dismissing as frivolous mandamus petition demanding "a court order in the nature of a[ ] writ of mandamus compelling the human race to go naked on the sidewalk for eternity unable to move their body"); *Rattler v. Sec'y of Health & Human Servs.*, 736 F.Supp.2d 1 (D.D.C. 2010) (dismissing as frivolous a complaint demanding an award of an "unlimited sum of money[,], supernatural powers[,] and the right to be awarded benefits . . . as many times [as he] wish[es]"), *aff'd*, 405 F. App'x 504 (D.C. Cir. 2010); *see also Rattler v. Sec'y of Health & Human Servs.*, No. 11-729, 2011 WL 3841604 (D.D.C. Aug. 30, 2011) (concluding that, because "[t]he allegations in plaintiff's complaint are virtually identical to the allegations that were made by plaintiff in *Rattler v. Secretary of Health and Human Services*, No. 10-1484 (D.D.C. filed Aug. 31, 2010), . . . *res judicata* prevents plaintiff from re-litigating the same claim in the instant action").

3